UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mya Y.,[1]

        Plaintiff,          Case No. 20-cv-1296 (JRT/LIB)

   v.          **REPORT AND RECOMMENDATION**

Andrew Saul,
Commissioner of Social Security,

        Defendant.

      Plaintiff, Mya Y. (hereinafter "Plaintiff"), seeks judicial review of the decision of the Commissioner of Social Security ("Defendant") denying her application for disability benefits. This matter has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

      This Court has jurisdiction over the claims under 42 U.S.C. § 405(g). Both parties submitted cross-motions for summary judgment, [Docket Nos. 21, 27], and the Court took the matter under advisement on the written submissions.

      For the reasons discussed herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, [Docket No. 21], be **DENIED**, and that Defendant's Motion for Summary Judgment, [Docket No. 27], be **GRANTED**.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Accordingly, where the Court refers to Plaintiff by her name only her first name and last initial are provided.

I. **Procedural History**

On August 5, 2016, Plaintiff filed an application for supplemental security income. (Tr. 15).[2] Plaintiff alleged that her disability began on August 1, 2014. (Tr. 15). The Commissioner initially denied Plaintiff's present claims on October 25, 2016, and again, upon reconsideration, on September 28, 2017. (Tr. 15). On November 9, 2017, Plaintiff filed a written request for a hearing before an Administrative Law Judge. (Tr. 15).

Administrative Law Judge Corinne T. McLaughlin (hereinafter "ALJ") conducted a hearing on April 18, 2019, at which Plaintiff was represented by a non-attorney representative. (Tr. 15). Plaintiff and an independent vocational expert, William E. Villa, (hereinafter "IVE Villa") testified at the hearing. (Tr. 15). On May 2, 2019, the ALJ issued a decision denying Plaintiff's request for supplemental security income. (Tr. 15–26). The ALJ concluded that Plaintiff was not disabled within meaning of the Social Security Act. (Tr. 26).

Plaintiff thereafter sought review of the decision by the Appeals Council. (Tr. 1–6). Subsequently, on April 20, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1). Thus, the ALJ's decision became the final decision of the Commissioner. See, 20 C.F.R. §§ 404.981, 416.1481.

On June 2, 2020, Plaintiff filed the present action. (Compl. [Docket No. 1]). Thereafter, both parties submitted cross-motions for summary judgment, [Docket Nos. 21, 27], and the Court took the matter under advisement on the written submissions.

---

[2] Throughout this Report and Recommendation, the Court refers to the Administrative Record, [Docket No. 20], by the abbreviation "Tr." The Administrative Record is consecutively paginated across 69 exhibits. (See, Administrative Record [Docket No. 20]). Where the Court cites to the Administrative Record, it refers to the page numbers found in the bottom-right corner of these exhibits.

## II. Standards of Review

### A. Administrative Law Judge's Five-Step Analysis

If a claimant's initial application for disability benefits is denied, she may request reconsideration of the decision. 20 C.F.R. §§ 404.907–404.909. A claimant who is dissatisfied with the reconsidered decision may then obtain administrative review by an administrative law judge ("ALJ"). 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.929.

To determine the existence and extent of a claimant's disability, the ALJ must follow a five-step sequential analysis. This analysis requires the ALJ to make a series of factual findings regarding the claimant's impairments, residual functional capacity, age, education, and work experience. See, 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992). The Eighth Circuit has described this five-step process as follows:

> The Commissioner of Social Security must evaluate: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

### B. Appeals Council Review

If the claimant is dissatisfied with the ALJ's decision, she may request review by the Appeals Council, although the Appeals Council need not grant that request for review. See, 20 C.F.R. §§ 404.967–404.982. The decision of the Appeals Council (or, if the request for review is denied by the Appeals Council, then the decision of the ALJ) is final and binding upon the claimant, unless the matter is appealed to federal court within sixty days after notice of the

Appeals Council's action. See, 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. In the present case, the Appeals Council declined to review the ALJ's decision finding that Plaintiff was not disabled, (Tr. 1–6), thus making the ALJ's decision the final decision of the Commissioner.

**C. Judicial Review**

This Court's judicial review of the administrative decision generally proceeds by considering the decision of the ALJ at each of the five steps. Judicial review of the decision to deny disability benefits, however, is constrained to a determination of whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008); Tellez v. Barnhart, 403 F.3d 953, 956 (8th Cir. 2005); Buckner v. Apfel, 213 F.3d 1006, 1012 (8th Cir. 2000) ("We may reverse and remand findings of the Commissioner [through the ALJ] only when such findings are not supported by substantial evidence on the record as a whole."). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Buckner, 213 F.3d at 1012 (quoting Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000)); see, Coleman v. Astrue, 498 F.3d 767, 770 (8th Cir. 2007).

In reviewing the record for substantial evidence, the Court may not substitute its own judgment or findings of fact for that of the ALJ. Hilkemeyer v. Barnhart, 380 F.3d 441, 445 (8th Cir. 2004). The possibility that the Court could draw two inconsistent conclusions from the same record does not prevent a particular finding from being supported by substantial evidence. Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994). The Court should not reverse the Commissioner's finding merely because evidence may exist in the administrative record to support the opposite conclusion. Milam v. Colvin, 794 F.3d 978, 983 (8th Cir. 2015); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

After balancing the evidence, if it is possible to reach two inconsistent positions from the evidence and one of those positions represents the Commissioner's decision (through the ALJ), the Court must affirm the decision. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992). Thus, the Court will not reverse the ALJ's "denial of benefits so long as the ALJ's decision falls within the 'available zone of choice.'" Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008). The decision of the ALJ "is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009) (quotation omitted).

The claimant bears the burden under the Social Security Act of proving that she is disabled. See, 20 C.F.R. § 404.1512(a); Whitman v. Colvin, 762 F.3d 701, 705 (8th Cir. 2014). Once the claimant has demonstrated she cannot perform prior relevant work because of a disability, the burden then shifts to the Commissioner to show that the claimant retains the residual functional capacity ("RFC") to engage in some other substantial, gainful activity. Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005).

### III. Decision Under Review in the Present Case

At step one of the five-step disability evaluation process, the ALJ concluded that Plaintiff had "not engage in substantial gainful activity since August 5, 2016, the application date." (Tr. 17). This finding is not in dispute.

At step two, the ALJ concluded that Plaintiff had "the following severe impairment: degenerative disc disease, diabetes mellitus, gastroparesis, gastroesophageal reflux disease

(GERD), hypertension, chronic pain syndrome, and major depressive disorder." (Tr. 17). (citations omitted). Plaintiff does not challenge the finding made by the ALJ at step two.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18–21). Specifically, the ALJ found that Plaintiff did not have any impairment or combination of impairments which met or medically equaled listing 1.00, 1.04, 2.00, 4.00, 5.00, 5.06, 6.00, 9.00, 11.00, 12.00, or 12.04. (Tr. 18–21). Plaintiff does not challenge the ALJ's finding here at step three.

At step four, the ALJ made the following RFC determination:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant may never climb ladders, ropes, or scaffolds. The claimant would be able to occasionally climb ramps and stairs. The claimant would be able to occasionally balance, stoop, kneel, crouch, and crawl. The claimant should not work at unprotected heights. The claimant would be able to understand, remember, and carry out simple, routine instructions and tasks consistent with SVP 1 and 2 work.

(Tr. 21). Plaintiff does challenge this RFC determination made by the ALJ.

In making this RFC determination, the ALJ, considering the record as a whole, found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however," the ALJ also found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (Tr. 21). Plaintiff does not specifically challenge this credibility finding by the ALJ.

Based on her RFC determination and relying on the testimony from the independent vocational expert, IVE Villa, the ALJ found that Plaintiff was able to perform her past relevant work as a "bottle packer and meatpacker." (Tr. 25–26). Plaintiff does not directly challenge the

ALJ's finding at step four, but she implicitly challenges this finding given that it is based on the ALJ's RFC finding which Plaintiff does directly challenge.[3]

The ALJ therefore found that Plaintiff was not under a disability, as that term is defined by the Social Security Act, at any time during the relevant period. (Tr. 26).

**IV. Analysis**

Plaintiff raises a single issue on her appeal of the ALJ's decision: the ALJ's RFC finding is not supported by substantial evidence because it fails to properly consider Plaintiff's need for a cane to walk and stand. (Plf.'s Mem. [Docket No. 22]). In other words, Plaintiff contends that her RFC should have included limitations accounting for her "necessary" cane usage. (Id. at 5–18). In support of this contention, Plaintiff points to her own self-reported use of a cane, as well as, several instances in the record where various medical professionals noted their observation of Plaintiff using a cane. (Id.). Plaintiff argues that if the ALJ would have properly included the cane related limitations in her RFC finding, then it would have caused a substantially more limited RFC finding. (Id.).

The Commissioner contends that he is entitled to summary judgment, arguing that Plaintiff's argument is unavailing, and that the ALJ's opinion is supported by substantial evidence in the record. (Def.'s Mem. [Docket No. 28]).

In the present case, the ALJ noted that the record shows that Plaintiff uses a cane to ambulate, but the ALJ found that Plaintiff's use of her cane was inconsistent during treatment. (Tr. 18). The ALJ observed that Plaintiff's cane was sometimes noted as absent in treatment notes. (Tr. 18). The ALJ noted that Plaintiff's report that she used her cane "100%" of the time

---

[3] The ALJ's finding that Plaintiff could perform her past relevant work as a "bottle packer and meatpacker" is a sufficient, independent basis upon which the ALJ could, and did, concluded that Plaintiff was not disabled as defined by the Social Security Act. See, e.g., Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004). Thus, the ALJ was not required to and did not consider step five of the sequential analysis. See, e.g., Id.

7

was inconsistent with the treatment notes in the record and Dr. Ward Jankus' findings during the consultive examination. The ALJ observed that the record contained "very little in the way of objective findings" regarding the need for Plaintiff's cane and no evidence of gait abnormalities. (Tr. 18). The ALJ did not include the use of a cane in Plaintiff's RFC determination.[4]

An ALJ must consider limitations resulting from a claimant's use of a cane only if the cane is "medically necessary" or "medically required." SSR 96-9p, 1996 WL 374185, at *7; Richmond v. Berryhill, 16-cv-140 (LRR), 2017 WL 4074633, at * 3 (N.D. Iowa Sept. 14, 2017).[5] "To find that a hand-held assistive device is medically required" or medically necessary, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing," and medical documentation "describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7.

As the Courts of this District have recognized, the Eighth Circuit Court of Appeals has not addressed what specific documentation a claimant must provide to establish the limitations of a medically required hand-held assistive device. See, e.g., Patricia M. v. Saul, No. 18-cv-3462 (DSD/HB), 2020 WL 3633218, at *8 (D. Minn. Feb. 5, 2020), report and recommendation adopted sub nom. McArdell v. Saul, 2020 WL 1951748 (D. Minn. Apr. 23, 2020); Edwards v. Berryhill, No. 5:17-cv-5092 (KES), 2019 WL 1320314, at *14 (D.S.D. Mar. 22, 2019). With no

---

[4] In her memorandum, Plaintiff asserts that the ALJ found that Plaintiff "does not need her cane to walk and stand, ever . . . ." (Plf.'s Mem., [Docket No. 22], at 3) (emphasis in original). The ALJ made no such finding. Neither the lack of a cane related limitation in the ALJ's RFC finding nor the ALJ's implicit finding that the cane was not "medically necessary" equates to a finding that Plaintiff never uses her cane. Any assertion by Plaintiff to the contrary is incorrect. In fact, as discussed above, the ALJ specifically observed that Plaintiff used a cane to ambulate. (Tr. 18).

[5] In her memorandum, Plaintiff contends that even a claimant who only occasionally uses a cane has a significant work limitation, and therefore, according to Plaintiff, even occasional cane usage must be specifically accounted for in the RFC finding. This contention is unsupported by the law. The law provides that the ALJ must consider limitations resulting from a claimant's use of a cane only if the cane is determined to the "medically required." See, SSR 96-9p, 1996 WL 374185, at *7; Richmond v. Berryhill, 16-cv-140 (LRR), 2017 WL 4074633, at * 3 (N.D. Iowa Sept. 14, 2017).

guidance from the Eighth Circuit Court of Appeals, the Courts of this District and other Districts within the Eighth Circuit have cited favorable to the Third, Seventh, and Tenth Circuits which have required an unambiguous opinion from a physician stating the circumstance in which the assistive device is medically necessary. Patricia M., 2020 WL 3633218, at *8; Edwards, 2019 WL 1320314, at *14; Tripp v. Astrue, 489 F. App'x 951, 954 (7th Cir. 2012) (finding that the treating physician's statement that the claimant "does need a crutch" lacked the specificity to establish whether the crutch was a medical necessity); Staples v. Astrue, 329 F. App'x 189, 191–92 (10th Cir. 2009) (finding that the treating physician's statement that the claimant "still uses a cane to walk" was insufficient to establish medical necessity); Howze v. Barnhart, 53 F. App'x 218, 222 (3d Cir. 2002) (finding that the evidence did not establish the claimant's cane was medically necessary when the treating physician provided a "script" for a cane and checked a box labelled "hand-held assistive device medically required for ambulation" in a report). In other words, the plaintiff "must show the cane is medically required by offering medical documentation that (1) demonstrates the cane is necessary to help her walk or stand and (2) describes the circumstances in which the device is needed." Patricia M., 2020 WL 3633218, at *7.

The record now before the Court is devoid of any "medical documentation" establishing Plaintiff's cane is "medically required." Plaintiff fails to direct the Court to any objective medical evidence or "medical documentation" which provides that her cane is necessary for her to walk or stand. Similarly, Plaintiff fails to highlight any objective medical evidence or "medical documentation" describing the circumstances in which the device is needed.

In fact, the only medical documentation or medical opinion evidence regarding Plaintiff's cane usage in the record now before the Court is from Dr. Ward Jankus who opined that it was

"somewhat hard to support medical necessity of the cane, although [Plaintiff] certainly might be using it for a little extra support and to take pressure off her back and knee." (Tr. 649). This falls well short of the medical documentation necessary to establish the medical necessity of Plaintiff's cane. See, e.g., Tripp, 489 F. App'x at 954 (finding that the treating physician's statement that the claimant "does need a crutch" lacked the specificity to establish whether the crutch was a medical necessity); Staples, 329 F. App'x at 191–92 (finding the treating physician's statement that the claimant "still uses a cane to walk" as insufficient to establish medical necessity).

In support of her assertions that her cane is necessary, Plaintiff points to several instances in the record where various medical professional observed that she walked with a cane. (Plf.'s Mem., [Docket No. 22], at 5–12). The record does contain several treatment notes in which various medical providers noted their observations of Plaintiff using a cane to ambulate. (See, e.g., Tr. 489–556; 572, 603, 649, 789, 1192). "But that does not meet the standard laid out in Social Security Ruling 96-9p. A physician's observation of a patient's use of an assistive device does not equate to medical documentation that establishes the need for the device and a description of the circumstances for which it is needed." Edwards v. Berryhill, No. 5:17-cv-5092 (KES), 2019 WL 1320314, at *15 (D.S.D. Mar. 22, 2019).

Plaintiff also points to her own self-reports that she needed a cane to ambulate. (Plf.'s Mem., [Docket No. 22], at 5). Plaintiff's own reports that she needs a cane to walk or stand are patently not medical documentation that establishes the need for her cane or a description of the circumstances for which it is needed. See, Toland v. Colvin, 761 F.3d 931 (8th Cir. 2014) (observing the distinction between medical necessary or prescribed assistance device and claimant self-adopted assistance device); Edwards, 2019 WL 1320314, at *14–15.

Similarly, the Court finds unpersuasive Plaintiff's reliance on the evidence in the record showing that a home health professional concluded Plaintiff was "homebound" because she required a "supportive device" and help from another person to leave her home. (See, Plf.'s Mem., [Docket No. 22], at 6) (citing Tr. 572). Although there are instances in the record of home health care workers finding that Plaintiff is temporarily "homebound" based on her use of an "assistive device" and the assistance of another person to leave her residence, these instances are all traceable to Plaintiff's self-reports and the home health care works' mere observations that Plaintiff was using a cane. Thus, the notes of these home health care workers do not equate to the requisite medical documentation. See, Edwards, 2019 WL 1320314, at *15.

Plaintiff also highlights various medical evidence throughout the record which she believes supports the use of her cane. (Plf.'s Mem., [Docket No. 22], at 5–12). Plaintiff does not highlight any medical documentation which itself provides that her cane is medically necessary. Instead, Plaintiff selectively highlights portions of the record showing various observations of "weakness," "impaired range of motions," unsteady gait, "poor balance," and "difficulty walking" which she opines support her use of a cane. (See, Id.). "But SSR 96-9p requires more than generalized evidence of a condition that might require use of a cane. It requires 'medical documentation *establishing the need* for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed.' Such evidence is entirely absent here." Staples, 329 F. App'x at 192 (emphasis in original) (citation omitted).

On the record now before the Court, the undersigned finds that substantial evidence in the record supports the ALJ's implicit determination that Plaintiff's cane was not medically required. The record lacks any medical documentation that established the need for a hand-held device to aid in walking or standing and describes the circumstances for which it is needed. The record

11

contains only the notes of health care providers who observed Plaintiff using of a cane. Thus, substantial evidence in the record supports the ALJ's implicit finding that Plaintiff's cane was not medically necessary, and therefore, substantial evidence in the record supports the ALJ's decision that the RFC should not include the limitation of a medically required hand-held assistive device. This is fatal to the sole issue Plaintiff raises here.

As observed above, sole issue raised by Plaintiff is her contention that the ALJ's RFC determination is not support by substantial evidence because the ALJ failed to include Plaintiff's need for a cane to walk and stand. As observed above, however, the ALJ must consider limitations resulting from a claimant's use of a cane only if the cane is "medically necessary" or "medically required." SSR 96-9p, 1996 WL 374185, at *7. In the present case, the ALJ did not find that Plaintiff's use of a cane was "medically necessary," and the Court has now determined that this finding was supported by substantial evidence in the record. The ALJ thus was not required to specifically account for Plaintiff's cane usage in the RFC determination beyond the limitations supported by the medical evidence in the record.

## V.  Conclusion

The Court's review of the record as a whole indicates that the ultimate decision that Plaintiff was not disabled as defined by the Social Security Administration Act during the adjudicated period was supported by substantial evidence in the record. Specifically, on the Court's review of the record as a whole, the undersigned concludes that substantial evidence in the record supports the ALJ's decision to discount Plaintiff's subjective complaints, the ALJ's RFC determination, and her decision that Plaintiff could perform her past relevant work as a "bottle packer and meatpacker" within the limitations of said RFC determination.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Motion for Summary Judgment, [Docket No. 21], be **DENIED**; and

2. Defendant's Motion for Summary Judgment, [Docket No. 27], be **GRANTED**.

Dated: June 28, 2021                             s/Leo I. Brisbois
                                                 Hon. Leo I. Brisbois
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).